## GREEN v. HUGHITT SCHOOL TWP. *et al.*

1. A general denial in a verified answer cannot be stricken out on motion as sham. A party is entitled to trial of the issues raised by a verified general denial in the manner provided by law, and that issue cannot, ordinarily, be tried on affidavits or motion to strike it out as sham.

2. Neither can a court in this state strike out a defense in an answer because it is apparently inconsistent with some other defense pleaded in the same answer.

3. There is no variance between the proof and the allegations of a defense denominated a defense of payment, when all the facts constituting such payment are set out in such defense, though such defense appears more properly to constitute an accord and satisfaction. The nature of the defense is to be determined from the facts pleaded, and not from the name given to it by the pleader.

4. The refusal by the court to give an instruction requested which correctly states the law, is not prejudicial error where the court, in his instructions to the jury, on his own motion gives an instruction substantially embodying the law as contained in the instruction requested.

5. A ruling of the court sustaining the objection to evidence given after the question asked has been answered is not prejudicial error when the answer is not stricken out; and especially is this so when the evidence objected to is subsequently given in full in the case,

6.  Where school-township officers issued a school-township warrant in pay-
    ment of a contract for furniture, and on the next day, and before any
    transfer of said warrant, issue school-township bonds for the amount of
    such warrant to the payee named in such warrant, who accepts and re-
    tains the same, the receipt and acceptance of such bonds constitutes a
    payment, or an accord and satisfaction of such school warrant; and an
    answer setting out fully the facts constituting the transaction may be
    treated as a payment, or an accord and satisfaction, though such de-
    .fense may be denominated as a payment by the pleader.

> (Syllabus by the court.   Opinion filed June 2, 1894.)

Appeal from circuit court, Hyde county.   HON. H. G. FUL-
LER,  Judge.

Action to recover upon a school township warrant.   De-
fendants had judgment.   Plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*L. E. Whitcher* and *Gaffy* and *Gunderson*, for appellant.

An answer denying specifically and generally the making
of an instrument and separately alleging payment of the same,
is bad and should be stricken out on motion.   Michals v. Jones,
6 Howard, 355;   Brewer v. Bostwick, 6 Cowan 34;   Mier v.
Cortledge, 4 Howard, 115;   Morvx v. Gross, 9 N. Y. 719;
Heffleman v. Pennington Co., 3 S. D. 162.

The plaintiff was entitled to a submission of the case to the
jury after defendants demurrer to the evidence was overruled.
Lee v. Lee, 9 Pa. St. 169;   5 A. & E. Enc. Law, 564;   1 Starke
Eve. 530;   Goser v. Stellwager, 25 N. Y. 315;   O'Neill v.
James, 43 N. Y. 84;   Barnes v. Perine, 12 N. Y. 18;   Winchell
v. Hicks, 558;   Bank v. Smith, 11 Wheat, 171;   Bisk v. Van
Connor, 94, Ind. 263;   Nordyke v. Van Sant. 99 Ind. 188.   A
party demurring to the evidence admits the truth of all the
facts alleged, withdraws the case from the jury and submits
the application of the law upon the facts to the court.   3 Blk.
Com. 372; 2 Starkie Evi. 530; Lee v. Virginia, 28 N. V. 279;
Fowler v. Railroad, 18 N. V. 579; Riddle v. Core, 21 W. V. 530;
Brown v. Railroad, 31 Kan. 1;   Young v. Black, 75 Cranch,
565; Wolf v. Wolf, 32 Kan. 533.   Judgment upon such demurrer

is final.    Devman v. Johnston,  48  N.  W.  565;  Greeley v. Win-
sor, 117.

An answer alleging payment of a warrant payable to bear-
er should state that it was paid to the owner,  or  holder, or to
some person authorized to receive payment, or when the payment
was made.    2  Bouver  311;  Renihow v. Wright, 25 N. E. 822;
South Branch, v. Littlejohn, 48 N. W. 476;  Hyde  v.  Harel, 43
Mo. App. 668;  Oneal  v.  Phillips,  10  S.  E.  352;  Wheelen  v.
Gould, 20 Pick, 545; Railroad v. Hyde, 23 N.  E. 706.    Uuder a
plea of payment, evidence of an  accord  and  satisfaction is not
competent if objected to.    Daunway  v.  Egamhoff, 43 Cal. 395;
Patterson v. Ramspeck, 10 S. E. 390; Comp. Laws, §3456.    The
plea of payment is an affirmative defense  and  must be proved
by a fair preponderance of evidence.    Gusterman v. Schroeder,
20 Pac. 230; Stokes v. Taylor,  4 S. E. 510;  Holmes  v.  Briggs,
18 Atl. 298; Withner v. Leman, 30 Ill. App. 195;  Curtis v. Per-
ry, 50 N. W. 426.    It is  prejudicial  error  to  allow an amend-
ment after all the evidence is in, the case closed  and  argued to
the  jury.    Weston v. Voorhis,  53   Howard,  319;  Eggert  v.
Wicker, 10 Id. 193; Garlon v. Kennedy,  39  Mo.  357;  Salters v.
Genitt, 8 Abb. Pr.  253;  Lewin  v.  Huston,  8  Tex.  94; Shern-
ecker v. Thein, 11 Wis.  556.

*Crawford & DeLand*, for respondents.

A general denial in an answer cannot  be  stricken  out  as
sham.    Wayland v. Tyson, 45  N.  Y.  281;  Thompson v.  Erie
Ry. Co., Id. 468; Fay v. Cobb, 51 Cal. 313;  Farmers Natl. Bank
v. Leland, 50 N. Y. 673; Samuel  Cupples  v.  Jencen, 27 N.  W.
206; Stebbins v. Landuer, 48 N. W. 847.    The  introduction of
evidence after the motion for a verdict is  overruled is a waiver
of all objections to the refusal of such motion.    Union  Ins.  Co.
v. South, 8 S. Ct. 544; Grand Trunk  v.  Cunnings,  1  Id.  493;
Accident Ins. Co. v. Crandall,  7  Id.  685.    The taking of a ne-
gotiable promissory note is  *prima facie*  evidence  of  absolute
payment, when  there is no express agreement to the contrary.
South v. Betteger, 68 Ind. 254;  Smalley v.  Eddy,  19  Ill.  207;

18 Am. E. Ency. Law, 150, 179; 2 Greenleaf Evi. 519. The court may allow an amendment in furtherance of justice at any time before entry of judgment. Comp. Laws, § 4838; Jenthison v. City, 3 S. D. 238; Johnson v. Burneioe, 3 Id. 230.

CORSON, P. J.   This was an action brought by the plaintiff, as holder of a school-township warrant issued by Hughitt school township to Thomas Kane & Co. or bearer, for the sum of $800, on May 26, 1884. Hughitt school township at that time embraced the territory now included in the three school townships named as defendants. The defendants answered denying all the allegations of the complaint, and setting up as an affirmative defense that the said warrant was fully paid and canceled on May 27, 1894. The plaintiff introduced the school warrant in evidence, and evidence tending to prove that plaintiff was owner of the same. Defendant then gave evidence tending to prove the following facts: That Hughitt school township, in 1884, voted to erect two school houses, one of which is within the limits of that township as now established, and one is within the limits of Holabird school township. That the contract to erect these school houses was awarded to one Nathaniel Cline for the sum of $1,200, and the contract to furnish the same was awarded to Thomas Kane & Co., of Chicago, for whom the said Cline acted as agent, for the sum of $800. That on May 26, 1884, a school warrant for $800 was issued to Thomas Kane & Co. or bearer, and was delivered to said Cline, who signed the receipt for same; one to said Cline for $500; and one to lumber merchants for $700, for said Cline; making a total of $2,000. That on May 27—the day following the issuance of said warrants—the school township board, at the request of said Cline, forwarded by express to Thomas Kane & Co., Chicago, Ill., eight school-township bonds of the denomination of $100 each, which were received and retained by said Thomas Kane & Co. That the said Thomas Kane & Co. never received said school warrant, and never sold or transferred the same to the said

Cline.   That the said school warrant was never called in or taken up when said school bonds were issued,  nor at any time since.

In the assignment of errors it is insisted that the verdict of the jury is not supported by the evidence,  but this point is not argued by the appellant in their brief, and we shall, not, therefore, review the evidence, but shall confine our discussion to the errors of law assigned.   Upon the empanelment of the jury the counsel for the appellant moved the court to strike from the answer the first paragraph thereof, for the reason that the same was sham.   This motion was denied and appellant excepted.   The paragraph sought to be stricken out is that defendants "deny each and every allegation alleged in said complaint generally and specifically," which answer is duly verified.   It is contended by counsel for appellant that, as the defendants, in a subsequent portion of their answer, pleaded payment in full, the so called "general denial" must necessarily have been false, and was, therefore, sham, and should have been stricken out; but, in our opinion, this. contention cannot be sustained.   A court does not possess the power to strike out as sham a verified answer containing a general denial.   A party is entitled to a trial upon the pleadings, when he has denied all the allegations of the complaint.   The case cannot be determined on motion to strike out his general denial as false, under our practice.   The party is entitled to have his case tried in the manner provided by law.   Samuel Cupples Wooden Ware Co. v. Jensen (Dak.) 27 N. W. 206;  Bank v. Leland, 50 N. Y. 673; Fay v. Cobb, 51 Cal. 313; Thompson v. Railway Co., 45 N. Y. 468; Wayland v. Tysen, Id. 281.   This question was very ably discussed by Grover, J., in the last case cited, in which he uses the following language:  "This section in question simply confers power upon the court to strike out sham and irrelevant answers and defenses.   This power the court, as we have seen, possessed and exercised under the pre-existing laws.   For reasons deemed satisfactory, it was not ex-

tended to the general issue. When this was interposed as a defense, the party had a right to a trial by jury. This right is secured to him by section 2, Art. 1, of the constitution. This right could not be taken away by simply changing the name from that of general issue to that of general denial. We have seen that the latter is the substitute for and the equivalent of the former, so far as to require proof by the plaintiff of all the material facts showing his right of recovery. This is an argument tending to show that the legislature in the passage of the section in question, only intended to sanction the existing practice, and not to confer any new power upon the court." A motion was then made by the appellant to strike out the defense alleging payment, as that was inconsistent with the general denial. This motion was also denied and exception taken. The ruling of the court was correct upon two grounds: First, the defenses were not inconsistent; and second, inconsistent defenses are permissible in this state. See Stebbins v. Lardner, (S. D.) 48 N. W. 847, where the question is fully considered and discussed.

On the trial the plaintiff asked the witness Cline the following question: "I will ask you whether or not you ever presented that warrant for payment to the treasurer of Hughitt township, and if so, when? Answer, yes, sir; I did. I presented it." This was objected to on the ground that it was incompetent, and not the proper manner of proving presentation or registration, and the objection was sustained. The objection came too late. The question had been answered, and the answer was not stricken out, and remained as part of the evidence in the case. But later in the trial, witness Cline, on cross-examination, was interrogated as to the matter fully; and if there was any error in the court's ruling, it was cured by the admission of the evidence subsequently.

At the close of the plaintiff's and appellant's evidence, the counsel for the defendants and respondents moved the court to instruct the jury to find a verdict for the defendants. This mo-

tion was denied and thereupon the respondents proceeded to introduce evidence on the part of the defense, over the objection of the appellant. This is alleged as error, the appellant contending that the defendants, after a motion of this nature, were precluded from introducing any evidence in the case. This was not error in the court's ruling. While in this case there was no formal order entered granting the respondents leave to proceed, the court, by overruling the appellant's objections to the further introduction of evidence on the part of defendants, in effect granted such leave. Granting to a defendant, under such circumstances, leave to proceed, is a mere formal matter; for, if a court should refuse to grant it, it would, except in special cases, be an abuse of discretion.

Objection was also made to the introduction of any evidence under the defense of payment by the defendants, on the ground that said answer as to said defense did not state facts sufficient to constitute a defense; the specific objection being that it is not alleged therein to whom payment of the warrant was made. This defense is set up in the answer as follows: That the order described and set out in the plaintiff's complaint "was fully paid and satisfied, and the indebtedness represented thereby was fully paid and satisfied, and completely canceled, on or about May 27, 1884." We are of the opinion that, under the rule that a liberal construction should be adopted by the trial court in construing pleadings objected to for the first time on the trial, sufficient facts were stated in this defense to constitute a good defense to the action. Unless payment was made to the proper party, it would not constitute a payment. The statement, therefore, that payment was made, necessarily carries with it the implication that the payment was made to the proper person. Such would be the ordinary construction of the language used, and language used in a pleading should be construed in its ordinary sense, unless technical terms, having a special meaning, are used. Johnson v. Burnside (S. D.) 52 N. W. 1057. But the defect, if one existed, was not such as to

authorize this court to reverse the judgment. The courts of this state are specially enjoined by the statute in every stage of the action to disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and it is provided that no judgment shall be reversed or affected by reason of such error or defect (section 4941, Comp. Laws); and in the construction of pleadings courts are enjoined to construe them liberally, with a view to substantial justice between the parties (section 4924, Id.).

At the close of the trial, the court, on the motion of the defendants, permitted them to amend their answer to make it conform to the proof. This is also assigned as error. Amendment of pleadings in the trial court is largely within the discretion of the trial judge, and this court will not reverse the action of such courts in allowing amendments, unless there has been a manifest abuse of such discretion. This court has given its sanction to a very liberal exercise of such discretion by trial judges in allowing amendments in furtherance of justice, and discountenanced the failure to allow amendments in proper cases. Jenkinson v. City of Vermillion (S. D.) 52 N. W. 1066; Kelsey v. Railway Co. (S. D.) 45 N. W. 204.

Appellant's counsel further contend that there was a material variance between the evidence given by the defendants and the pleadings as amended, in this: that the evidence did not tend to prove payment, but an accord and satisfaction, and was therefore inadmissible under the pleadings. The evidence, however, was admitted, and we think properly. The facts were fully stated in the amended answer as follows: "Defendants further state that the payment and satisfaction hereinbefore referred to of said indebtedness and said order was made by the execution and delivery by the defendant Hughitt school township, on or about the 27th day of May, 1884, to Thomas Kane & Co., the payee in said order, of the duly issued and authorized bonds of said Hughitt school township, amounting to the sum of $800, which were received by said Thomas Kane &

Co., the owners of said order and indebtedness, in full satisfaction and payment thereof, by which said payment and satisfaction in the manner aforesaid the aforesaid order and indebtedness were fully satisfied." Whether technically a payment or an accord and satisfaction, is not very material, as the facts are fully stated. By section 3456, Comp. Laws, a payment is defined as the "performance of an obligation for the delivery of money;" and an accord is defined as "an agreement to accept in extinction of an obligation something different from, or less than that to which the person agreeing to accept is er titled" (section 3483, Id.) Whether, therefore, the facts, as claimed by the respondents to have been proven, show a payment or an accord and satisfaction, is not easily determined, and, in our view, is not necessary to be determined in this case. That they did constitute payment or an accord and satisfaction cannot be doubted. Courts are governed, under our system of practice, by the facts stated in the party's pleadings. We are of the opinion, therefore, that there was no variance; and that the court properly admitted the evidence, and properly allowed the amendment of the answer to conform to the proof.

Appellant further contends that the learned court below erred in refusing to give the following instruction: "The jury are instructed that the plea of payment, as made in this case, is an affirmative defense, and the onus is upon the defendant to prove the same by a preponderance of the evidence." It is insisted by the respondents, in their amended abstract, that no exception was taken to the refusal of the court to give this instruction, either at the time refused or subsequently. Without at this time determining the question of whether or not an exception was taken before judgment (Uhe v. Railway Co. S. D.) 57 N. W. 484, we think the error was cured by the third instruction given by the court on the part of the appellant, which reads as follows: "Unless you find from the evidence, from a preponderance of the testimony that the defendants paid this order sued on to some one authorized to receive payment thereof,

then your verdict should be for the plaintiff." It will be observed that this embodies substantially the same principle as the instruction asked for and refused. The law having been correctly given to the jury upon the subject, the refusal to give the particular instruction requested is not prejudicial error of which appellant can complain. Finding no error in the record, the judgment of the circuit court is affirmed.

KELLAM, J., concurs. FULLER, J., took no part in the decision of this case.