HOIDAL, Appellant, v. RUNCHEY, et al, Respondents.

(225 N. W. 299.)

(File No. 5883. Opinion filed May 7, 1929.)

*Ira F. Blewitt,* of Madison, for Appellant.

*R. J. Lyons,* of Madison, and *Kirby, Kirby & Kirby,* of Sioux Falls, for Respondents.

BURCH, J.   In 1923 plaintiff was county treasurer of Lake county.   Runchey Bros., a partnership, defendants, held a mortgage upon certain land in that county.   On February 23, 1923, one of the partners went to the county treasurer's office and offered to pay certain taxes on said land for the year 1921.   In payment of such taxes a check of the partnership was given.   Before the check was paid, payment thereof was stopped.   Plaintiff held the check for which he had issued his receipt, and at the end of his term settled with the county for the amount of the tax represented by the check.

This action is brought to recover the amount of the check so received in payment of the taxes and held by the treasurer.   The defense is that there was no consideration for the check, and that plaintiff defrauded defendants by falsely representing that the 1921

taxes at the time the check was given had not been paid. It is the theory of respondents that such taxes had been paid prior to the time the check was given because of an earlier transaction as follows:

Prior to September, 1921, plaintiff was owner of the said land. In September he sold it. At that time he was not the county treasurer. According to the deputy treasurer then in charge plaintiff came to the treasurer's office about the 1st of October, 1922, to pay the taxes on the land which he had just sold or so much thereof as under his contract with the purchaser he was required to pay. He made out a check leaving the amount blank, attached it to a slip with a description of the land, and told the deputy to write a receipt for the taxes. About the 5th of October the deputy wrote a tax redemption receipt for the taxes of 1920 and a tax receipt for the taxes of 1921. She then filled out the check for the amount of both receipts, marked the taxes paid on the records, and handed both receipts to plaintiff's wife. This transaction is denied by plaintiff, but whatever the facts may be in this respect the check was never cashed. In December, 1922, plaintiff gave two checks covering the same items, one for the redemption receipt, and the other the 1921 tax. The check for the 1921 tax was never cashed, apparently being held because plaintiff claimed he did not owe the 1921 tax. Harry Runchey, defendant with whom the business was done, testified that plaintiff told him in November preceding, that the taxes had been paid, but later phoned they had not been paid for the year 1921, whereupon he (Runchey) went to the treasurer's office and told plaintiff, if the taxes had not been paid, he would pay them; that he asked the amount and wrote a check in payment; that he asked Hoidal why they had not been paid, and Hoidal took him behind the counter and showed him the check for the 1921 tax left with the county treasurer by Hoidal, and explained that he gave it to "stop the taxes being sold" for defendant's protection; that he then asked Hoidal for a receipt, and Hoidal said he could not give an original receipt, because the original was up at the house, and that Hoidal then gave him a receipt showing that Hoidal had been issued a tax receipt for 1921. Hoidal disputes the testimony of this defendant as to the form of the receipt, and says he issued a regular duplicate tax receipt. The case was submitted to a jury, and verdict and judgment were ren-

dered for defendants. Plaintiff appeals from the judgment. There was a motion for a directed verdict, which was denied, and after verdict plaintiff moved for judgment notwithstanding the verdict.

■ Respondents contend that this court cannot consider the sufficiency of the evidence to support the verdict upon an appeal from the judgment. This is answered against the contention of respondents in the case of Warwick v. Bliss, 45 S. D. 388, 187 N. W. 715.

■ The theory of respondents is that, if the tax had in fact been paid at the time they gave the check, there was no consideration for the check, or for defendant's promise to pay the tax. The tax was levied on real estate and a lien on the land. No personal liability to pay the tax existed against respondents. But if the tax was in fact a lien upon the land, the mortgagee had a sufficient interest to support a consideration for the check given in payment. Nothing short of actual payment in money was sufficient to constitute payment of the tax so far as the county was concerned. Eggleston v. Plowman, 49 S. D. 609, 207 N. W. 981; Schaefer v. McFarland, 49 S. D. 605, 207 N. W. 982. In this case neither money, or any equivalent, was attempted to be paid for the 1921 tax prior to the Runchey check, because, although a check was drawn, it was purposely not used. Under such circumstances the earlier check was not payment of the tax, nor did it discharge the county's lien therefor. The court gave an instruction to the jury (which was duly excepted to), that indicates the theory on which the case was tried, as follows: "Is it a fact that the plaintiff, at the time claimed in the evidence on the part of the defendants, went to the County Treasurer's office of this county and delivered to that officer, or the Deputy County Treasurer, a check signed by him, and directed her with that check to pay the taxes for 1921 upon these premises; and is it a fact that in pursuance of that direction the Deputy County Treasurer did fill out that check and mark the taxes paid and make out a receipt for taxes of that year upon these lands in controversy, and deliver it to the wife of the plaintiff? If you find from a preponderance of the evidence that those things are true, * * * then your verdict would be for the defendants in this case."

■ The learned trial court seems to have thought the delivery of the receipt material, and that, if delivered, the receipt

would conclude the county and extinguish its lien. The general rule is that a receipt is open to explanation by evidence aliunde. No facts appear in this case to take it out of the general rule. Section 6766, R. C. 1919, has no application. That section does not make the receipt conclusive evidence of the payment of the tax covered by the receipt. We are satisfied that under the admitted facts in this case the lien of the county for the taxes covered by the check was not extinguished at the time respondents gave their check. Respondents' defense of no consideration, or fraud, is not sustained.

But appellant was not prejudiced by the erroneous instruction, because, by the same rule that the Hoidal checks did not pay the taxes, the Runchey check was not a payment. When Runchey stopped payment of the check, he withdrew his check so far as it authorized a payment of the tax. At that time Hoidal had not changed his position and Runchey had a right to stop payment if he desired to do so. He did it before it was presented, and the tax stood as before. While in this condition the record discloses that Runchey procured a mandamus and compelled Hoidal as treasurer to satisfy the tax. If the court in that action erred in holding that Hoidal's checks constituted payment, he should have preserved his rights in that action. Not having done so, that issue was conclusively adjudicated against him, and in this action the court should have instructed a verdict in favor of Runchey because plaintiff had shown no right to recover. Plaintiff, having established no case against defendant, has no right to a reversal of the judgment against him, simply because the trial court may have submitted to the jury a defense which was not established.

The judgment appealed from is affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BROWN, JJ., concur.