GREVE, Respondent, v. BISSON et ux, Appellants

(8 N. W.2d 859.)

(File No. 8521. Opinion filed March 29, 1943.)

**T. R. Johnson,** of Sioux Falls, for Appellants.
**John Carl Mundt,** of Sioux Falls, for Respondent.

SMITH, J.  The plaintiff seeks to recover for services as a housemaid performed during the period of 348 weeks at the rate of two dollars per week.  The defendants admit the performance of the services but deny that the terms of the contract are as alleged by plaintiff.  According to defendants' version of the contract plaintiff was to receive her board and room, clothes and spending money.  Trial was had to a jury which resulted in the verdict and judgment for plaintiff for a balance due.  The defendants have appealed and predicate error upon the rulings of the trial court upon a motion for directed verdict, exceptions taken at the settlement of the instructions and upon an order overruling motion for new trial.

At the trial it developed that just shortly before the service of summons and complaint, at the solicitation of the defendants, and under circumstances that are sharply in dispute, the plaintiff executed a writing reading as follows:

"I, Dora Greve, do not have any money coming from Mr. & Mrs. S. O. Bisson, of Garretson, South Dakota.  I was to stay there and make my home.  I was not to get any pay.  They made me a present of money from time to time and paid all my clothes for me.  I probably had about $400.00 in money, clothes and presents given to me by Mr. & Mrs. Bisson during the period I lived with them.

"This is intended as a receipt in full and as a statement to show that I have no claim against them and that they are not indebted to me."

It is conceded that this instrument was not based upon a consideration.  By their motion for a directed verdict, requests for instructions and exceptions to the instructions of the trial court, the defendants sought to enforce this instrument as a release under the provisions of SDC 47.0240 reading as follows:  "An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a

new consideration, or in writing, with or without new consideration."

Thus the question is presented as to whether this document constitutes a release or a mere receipt or extrajudicial admission.

■ A mere receipt, or even a receipt in full, is classified as an admission for the reason that it is not contractual. Hoidal v. Runchey, 55 S. D. 171, 225 N. W. 299; Johnson v. Mound City State Bank, 58 S. D. 622, 237 N. W. 891; 32 C. J. S. Evidence, page 846, § 926.

■ That which distinguishes a release from a receipt or an admission is well stated in McCrea v. Purmort, 16 Wend., N.Y., 460, 30 Am. Dec. 103. "A release cannot be contradicted or explained by parol, because it extinguishes a pre-existing right; but no receipt can have the effect of destroying, per se, any subsisting right—it is only evidence of a fact. The payment of the money discharges or extinguishes the debt; a receipt for the payment does not pay the debt, it is only evidence that it has been paid. Not so of a written release; it is not only evidence of the extinguishment, but is the extinguisher itself."

■ Read in the light of these principles the nature of the instrument at hand is hardly debatable. There is no necessity to go afield into the circumstances of the making of the writing in search of the intention of the parties because they have stated their intention. The instrument was drawn by defendants' skilled counsel and states "This is intended as a receipt in full and as a statement to show that I have no claim against them and that they are not indebted to me." The instrument is not an "extinguisher." It purports to change nothing; it seeks only to establish or recite the fact that the defendants' obligation had been fulfilled by the furnishing of board, room, clothes and spending money. Manifestly, the rulings of the trial court did not prejudice appellant. The document is without conclusive effect as between the parties and only had a place as a part of the evidence as a whole to be considered by a jury in

resolving the conflicts in the record. Federal Land Bank v. Houck, 68 S. D. 449, 4 N. W.2d 213; 31 C. J. S., Evidence, § 379, page 1164.

■ Misconduct of counsel was raised as a ground for new trial. Considering this record as a whole we are unable to say that the trial court abused its discretion in refusing a new trial upon this ground. Voegeli v. Schultz, 67 S. D. 538, 295 N. W. 493.

Other matters assigned have been carefully considered and are deemed not to merit discussion.

The order and judgment of the trial court are affirmed.

ROBERTS, P.J., and POLLEY and RUDOLPH, JJ., concur.

WARREN, J., dissents.