PROFIT COUNSELORS, INC., Appellant v. KNIGHT, Respondent

(146 N.W.2d 61)

(File No. 10292. Opinion filed November 3, 1966)

**Ronayne, Richards & Dobberpuhl,** Aberdeen, for plaintiff and appellant.

**Bicknell, Holland & Delaney,** Webster, for defendant and respondent.

BIEGELMEIER, Judge.

Plaintiff's action was based on a check of defendant's dated June 30, 1961 for $1,250.00, payment of which had been stopped by defendant. Defendant's answer alleged the check had been paid by another check dated July 7, 1961. At the trial the court admitted oral evidence to show the June 30th check was given in payment of the third week of employment of plaintiff by defendant under a printed Operating Agreement. By paragraph 11 thereof plaintiff's services could be terminated at the end of any calendar week. Defendant's evidence was that he had terminated this agreement at the end of the third week and had executed the check sued on in full payment of the services received to that date and because he was dissatisfied he had terminated such services; he then stopped payment on this check and after some discussion in the ensuing week he executed and delivered the July 7, 1961 check as payment of the June 30, 1961 check and all claims of the plaintiff. The July 7th check was paid in full. The jury returned a verdict for the defendant and plaintiff appealed from the judgment. While the defendant also alleged a counterclaim, we will first deal with the issues involved in the complaint and answer.

Plaintiff's brief does not refer by number or to the page of the record where the assignments of error appear which present the first question [SDC 1960 Supp. 33.0743(4)] stated to be:

"I. THE COURT ERRED IN PERMITTING DEFENDANT TO TESTIFY THAT THE CHECK SUED UPON HAD BEEN DISCHARGED BY THE EXECUTION AND DELIVERY OF ANOTHER CHECK".

354

This evidence was as indicated above. Appellant asserts "the trial court erred in (1) admitting such parol evidence".

 It appears it was the custom of plaintiff when each of these weekly payments of $1,250.00 was made to have the defendant sign a statement as follows:

> "The above amount is due and owing for services satisfactorily rendered to the client without defense, counterclaim, offset or other deductions".

Plaintiff's argument is defendant's oral testimony contradicted this written statement and therefore was inadmissible and quotes Kindley v. Williams, 76 S.D. 225, 76 N.W.2d 227, that

> "where a contract which has been reduced to writing * * * is complete, clear, and unambiguous in its terms and contains mutual contractual covenants, or where the consideration consists of a specific and direct promise to do or not to do certain things, this part of the contract * * * cannot be changed or modified by parol or extrinsic evidence".

Putting aside the evidence of defendant that he signed these papers as a formality for plaintiff's Chicago office to close out the project and with the understanding that it was final payment for the project, the paper so signed was a receipt and not a contractual instrument. Greve v. Bisson, 69 S.D. 208, 8 N.W.2d 859, involved a similar writing. There plaintiff signed a statement that she did not have any money coming from Bissons; that she was not to get any pay; this was the receipt in full; she had no claim against them and they were not indebted to her. It was conceded there that this instrument was not based upon a consideration—that is, plaintiff Greve did not receive any consideration for executing the instrument. Here defendant received no consideration for the instrument as he gave the July 7, 1961 check to plaintiff at that time. His testimony was that he had terminated the services of plaintiff at the end of three weeks which the Operating Agreement expressly gave him the authority to do. If that were true, he did not owe plaintiff for both the June 30th and July 7th amounts. As was said in the Greve opinion the instrument signed by defendant here

"purports to change nothing; it seeks only to establish or recite the fact that the defendants' obligation (here plaintiff's) had been fulfilled * * * Manifestly, the rulings of the trial court did not prejudice appellant. The document is without conclusive effect as between the parties and only had a place as a part of the evidence as a whole to be considered by a jury in resolving the conflicts in the record".

The evidence therefore was admissible and to be considered by the jury with all the other evidence. See also Bruns v. Light, 74 S.D. 418, 54 N.W.2d 99, and Hoidal v. Runchey, 55 S.D. 171, 225 N.W. 299. Without setting forth the terms of the Operating Agreement, it appears to be an employment agreement of such sketchy and indefinite provisions as to permit, if not require, oral evidence to explain it. This disposes of that question, but we have not overlooked plaintiff's claim that "when Plaintiff moved the Court for an order striking Defendant's Answer, the Motion should have been granted". The answer alleged payment and therefore stated a good defense. Green v. Hughitt School Twp., 5 S.D. 452, 59 N.W. 224; Fall v. Johnson, 8 S.D. 163, 65 N.W. 909. As all of plaintiff's requested instructions were given by the trial court and plaintiff took no exceptions to the court's charge to the jury of applicable law they became the law of the case. SDC 1960 Supp. 33.1318; Keller v. Merkel, 73 S.D. 477, 44 N.W.2d 208. The judgment for defendant dismissing plaintiff's claim on the stopped payment check must be affirmed.

Plaintiff-appellant states the other claim of error as:

"II. THE COURT ERRED IN PERMITTING THE JURY TO CONSIDER DEFENDANT'S ALLEGATIONS OF FRAUD, MISREPRESENTATION, AND UNDUE ADVANTAGE SINCE THERE WAS INSUFFICIENT ADMISSIBLE EVIDENCE ON WHICH TO PRESENT A QUESTION OF FACT ON THOSE ISSUES."

■ Turning to another part of appellant's brief, we find error claimed in "(2) refusing to strike any mention of fraud, misrepresentation or undue advantage from the pleadings * * *

(3) refusing to direct a verdict in favor of Plaintiff on its Complaint and against the Defendant on his Counterclaim * * * (4) refusing to grant Plaintiff's Motion for Judgment N. O. V.; and (5) refusing to grant Plaintiff's Motion for New Trial". Again this appears without a reference to the number and page of the settled record to the assignment or assignments of error which it is claimed present the question argued. See SDC 1960 Supp. 33.0743(4), Supreme Court Rule 71 of 1939. Under this Rule it is counsel's duty to direct the court to some assignment which presents the question or questions. It appears the court may conclude the question involves the counterclaim. A search of the assignments of error in the settled record however discloses:

"36. That the Court erred in denying appellant's motion to direct a verdict in favor of plaintiff on its complaint and against the defendant on its counterclaim as shown on page 240 of the transcript * * *

"40. That the Court erred in denying Plaintiff-Appellant's (oral) motion for new trial as found in the records * * *

"41. That the Court erred in denying Plaintiff-Appellant's motion for Judgment Notwithstanding Verdict as found in the records".

 An assignment of error need follow no stated form but must briefly and plainly point out the error alleged to exist. If insufficiency of the evidence to justify the verdict or other decision is assigned, it must state the particulars in which the evidence is claimed to be insufficient. SDC 1960 Supp. 33.0735; Davis v. C. & J. Michel Brewing Company, 31 S.D. 284, 140 N.W. 694. See also, Stoecker v. Stoecker, 74 S.D. 415, 54 N.W.2d 171; J. R. Watkins Co. v. Beisel, 78 S.D. 413, 103 N.W.2d 333, and cases cited. As a review of the motion for judgment n. o. v. compels an affirmance, we have chosen to consider that record. Such review is governed by true principles of law rather than the law set forth in later instructions. Barnhart v. Ahlers, 79 S.D. 186, 110 N.W.2d 125; Cromwell v. Hosbrook, 81 S.D. 324, 134 N.W.2d 777.

▮▮▮ Assuming the motion for a new trial was before the trial court on plaintiff's motion for judgment n. o. v.[1] it cannot be enlarged beyond the reasons or scope of its purport or contents. A motion for judgment n. o. v. relates back and is based on the moving party's motion for a directed verdict at the close of the testimony, SDC 1960 Supp. 33.1705, Barnhart v. Ahlers, 79 S.D. 186, 110 N.W.2d 125, and the grounds urged in support thereof. Parham v. Dell Rapids Township, 80 S.D. 281, 122 N.W.2d 548. Cf. Lindenberg v. Folson, (N.D.1965), 138 N.W.2d 573 and Erhardt v. Gold Seal Chinchillas, Inc., (N.D.1966), 144 N.W.2d 744. This court has set the guidelines in several opinions; quotations from two will suffice.

"Our rules require a party so moving for a direction to so specifically point out the grounds of law or fact upon which he relies as to fairly place his contention before the trial court. SDC 33.1601. Our powers of review cannot be invoked by a motion which fails to measure up to the spirit of this rule." Englebert v. Ryder, 77 S.D. 333, 91 N.W.2d 739. Lang v. Burns, 77 S.D. 626, 97 N.W.2d 863.

"Under the settled rule of this court the question of the insufficiency of the evidence is limited to the particulars pointed out in the motion for judgment and in the assignment" (of error— citing cases). Loffer v. Witte, 71 S.D. 626, 28 N.W.2d 698. Lang v. Burns, and Lindenberg v. Folson, supra. The reason for this rule appears in the court's quotation from Tanderup v. Hansen, 8 S.D. 375, 66 N.W. 1074:

---

1. Plaintiff in that motion expressly excluded it by stating therein it "reserves the right, in the event these motions for judgment notwithstanding the verdict be denied, to move for a new trial herein". Applications for new trials are governed by SDC Supp. 33.16. Such application must state the grounds thereof, SDC 1960 Supp. 33.1606 and if made under SDC 1960 Supp. 33.1605(6) it must state "the particulars wherein the evidence is claimed to be insufficient." Clearly this chapter requires the application to be in writing. No such written motion was made. Two orders denying a motion for judgment n. o. v. appear in the record—one dated July 16, 1965, the other July 31, 1965. That motion was in writing and notice of hearing was given thereof. Both also denied a new trial. The latter order simply states "plaintiff also presented to the Court orally his motion for a new trial" which the court denied. The oral motion for a new trial was insufficient for reasons mentioned in Hylland v. Lawrenson, 73 S. D. 605, 47 N.W.2d 287, and the court properly denied it based on that oral motion. However, because of some statements in Froke v. Watertown Gas Company, 68 S.D. 266, 1 N.W.2d 590, indicating the court might grant a new trial on a motion for judgment n. o. v. it is proper to deal with that phase of the situation. All the proceedings in the trial court took place prior to July 1, 1966, the effective date of our new Rules of Civil Procedure, hence they did not then apply.

" 'Whatever merit there might have been in this point had it been stated in the motion to direct a verdict in the court below, it is not available in this court, for the reason that no such ground was stated in the motion in the trial court. Where such a motion is made, the specific ground upon which the motion is made must be stated. It is due to the court and the opposing counsel that their attention should be called to the precise defect in the evidence or the omission of evidence that the party claims entitles him to the direction of the verdict. It is due to the court to enable it to pass understandingly upon the motion, and it is due to counsel that he may, if possible, supply the defective or omitted evidence, if permitted to do so by the court.' "

 Turning to the motion for a directed verdict, plaintiff did not move the court to direct a verdict in favor of plaintiff and against defendant on the claim in its complaint on the check and separately for a verdict for plaintiff and against defendant on its counterclaim which were two separate issues. The motion was a united one:—"for the plaintiff upon its stated cause of action and against the defendant on its alleged counterclaim for the reason * * * the admissible evidence * * * does not constitute a counterclaim or a defense against the complaint of the plaintiff". Plaintiff then stated its action was based on a check, that no admissible evidence had been provided in defense thereto, that evidence of payment was inadmissible because of the instruments signed by defendant (which evidence we have held was admissible and for the jury). Plaintiff insisted in a colloquy of eight pages of the transcript defendant could not testify as to his version of payment of the check sued on and ended with the statement the court should "direct the jury to return a verdict for the plaintiff and against the defendant on both the complaint and the counterclaim". Plaintiff had made several prior motions; this was made and considered by the court and denied as one motion. SDC 1960 Supp. 33.0735 states, "Each assignment shall state only one claim of error". Assignment 36 denominates it as one motion and court's determination in one assignment of error.

Defendant's evidence of payment of the check in plaintiff's complaint was sufficient to provide a jury question so the trial court could not grant plaintiff's motion. Nowhere in this motion for directed verdict is there any reference to any defect or insufficiency in the evidence so far as the counterclaim is concerned. See Lang v. Burns, supra. The motions for directed verdict and for judgment n. o. v. were therefore properly denied, and the authority of the trial court to grant a new trial limited to the precise points in those motions, was also correct. No exceptions having been taken to the court's instructions as heretofore noted, they became the law of the case and are not before the court on appeal. SDC 1960 Supp. 33.1318; Keller v. Merkel, supra.

Affirmed.

All the Judges concur.