## EPIPHANY ROMAN CATHOLIC CHURCH v. GERMAN INS. CO.

1. An insurance policy, in form a standard fire policy, contains the clause, "if fire occurs, the insured shall give immediate notice of loss." A rider attached to the policy, and made a part thereof, provided that "this insurance covers loss by lightning, tornado, cyclones or windstorms. Held, that the policy did not require immediate notice of loss by a cyclone.

2. Comp. Laws, § 3104, declares that no policy of insurance shall be forfeited by nonpayment of any premium note unless the insurer shall, not less than 30 days prior to its maturity, mail the insured a notice, informing the insured of his right, at his own election, to pay in full and keep the policy in force, or to terminate the insurance by surrendering the policy and paying the part of the premium earned. On December 10, 1895, defendant company sent plaintiff a notice that his certain note for insurance would be due on January 2, 1896, authorizing him to send a draft or postoffice order for the amount stated, and that payment would be duly receipted, and adding "Do not fail to be prompt, as you cannot recover in case of loss after the note becomes due until the same is paid." Held, that the notice was insufficient, and the policy was in force on April 27, 1896, when a loss occurred.

3. Application for insurance by the secretary and treasurer of plaintiff corporation was "by Epiphany Church, for insurance on church building," and the reply to the questions: "Are you sole owner? What kind of title? Explain fully,"—stated: "Yes; according to church rules." The policy stated that defendant insured "the trustees of Epiphany Church." In making the application, said officers acted as trustees for plaintiff, which at that time was the owner and in possession of the property, which was mortgaged; the legal title to the realty on which the church was situated being in the name of the

16 S. D,—2

bishop of the diocese, under the rules of the church.    Held that, as the only reasonable inference was that there was a mutual mistake in writing the name of the insured as it appeared in the policy, the representations did not avoid the policy, but it was the duty of the court to reform it to express the real intention.

(Opinion filed July 2, 1902)

Appeal from circuit court, Hanson county.    Hon. FRANK B. SMITH, Judge.

Action by the Epiphany Roman Catholic Church against the German Insurance Company to reform a certain policy of insurance and to recover the amount of insurance provided for therein.    From a judgment for plaintiff, defendant appeals. Affirmed.

*P. A. Zollman (M. L. Countryman,* of counsel*)* for appellant.

Plaintiff failed to give immediate notice of loss as required by the policy.    Such notice was a condition precedent to any action on the policy, and must be strictly complied with.    Ermentrout v. Ins. Co., 63 Minn., 305; Bowlin v. Ins. Co., 36 Minn. 433; Shapin v. Ins. Co., 51 Minn., 239; Lane v. Ins. Co., 50 Minn. 227; Ins. Co. v. Bonnell, 44 Ind. 460; Trask v. Ins. Co., 29 Pa. St. 198; Gould v. Ins. Co., 134 Pa. St. 570; Edwards v. Ins. Ce. 75 Pa. St. 378; LaForce v. Ins. Co., 44 Mo. App. 578; Burnham v. Ins. Co. 75 Mo. App. 294; Und v. Ins. Co , 133 N. Y. 394; Quinlan v. Ins. Co., 133 N. Y. 356; Foster v. Fidelity Co., 75 N. W. 69; Smith Co. v. Ins. Co., 50 N. E. 516.

The policy was not in force at the time of the loss, the premium note not having been paid when due, and the insured having consented to the cancellation of the policy.    Haggett v. Hurley, 4 At. 561; Benedict v. Grand Lodge, 48 Minn. 471.

*J. L. Hannett,* for respondent.

By issuing the policy upon an application stating that the property was held "according to church rules," the defendant waived the conditions of the policy that it should be void if the insured was not the "unconditional and sole owner, or if the subject of insurance be a building on ground not owned by the insured in fee simple." These conditions should not be considered as binding, or as forming part of the completed contract. It must be presumed that the parties intended to make a valid contract. VanSchorck v. Niagara Ins. Co., 68 N. Y. 434; Lorillard F. Ins. Co. v. McCulloch, 8 Am. Rep. 52; Liberty Hall v. Ins. Co., 7 Grey 261; Dayton Ins. Co. v. Kelly, 24 O. St. 176; Newman v. Springfield Ins. Co., 17 Minn. 98; Forward v. Ins. Co., 142 N. Y. 382. The question "What kind of title?" was not answered. The defendant by issuing the policy on said application without an answer to said question thereby waived the question of title. Am. Ins. Co. v. Joseph Paul, 9 Ins. L. J. 569; May on Ins., Sec. 166; Ins. Co. v. Raddin, 120 U. S. 183; Ins. Co. v. McCulloch, 21 Ohio St. 176.

A note was given for the premium, and the policy provided if said note was not paid at maturity, then the policy should be void, until such premium note was fully paid. This condition must be considered in connection with section 3104 of the Comp. Laws, which provides, that no policy of insurance shall by virtue of any provision or condition thereof, be forfeited, suspended or impaired for non-payment of premium note, unless the insurer shall, not less than thirty days prior to the maturity of said note, mail to the assured a notice stating the facts required by said section. Marden v. Ins. Co., 85 Ia. 504; Boyd v. Ins. Co., 70 Ia. 325; DeFrece v. Ins. Co., 136 N. Y. 149;

Griffith v. Ins. Co., 36 Pac., 113; Harrington v. Home L. Ins. Co., 58 Pac. 180.   The contract of insurance is to be read as if section 3104 had been literally incorporated into it.   De Frece vs. Ins. Co., 136 N. Y. 151; Baxter v. Brooklyn L. Ins. Co., 119 N. Y. 451; Phalen v. N. W. M. L. I. Co., 113 N. Y. 148; Ins. Co. v. Dingley; 35 U. S. C. C. A. 245.

Notice and proofs of loss are waived when an insurance company denies all liability under said policy on the ground that it was not in force when the loss occurred.   Ins. Co. v. Bachelder, 49 N. W. 217; Ins. Co. v. Brewster, 61 N. W. 746; Ins. Co. v. Kline, 62 N. W. 857-8; Kline v. Helka Ins. Co. 58 Wis. 508; Carson v. Ins. Co., 17 N. W. 650; Boyd v. Ins. Co., 36 N. W. 585; Van Kirk vs. Ins Co., 48 N. W. 798; Lebanon Ins. Co. v. Erb, 112 Pa. St., 149; LaForce v. Williams, City Ins. Co., 43 Mo. App. 518.

HANEY, P. J.   The object of this action is to reform a fire, lightning, tornado and cyclone insurance policy, and to recover the full amount of insurance provided for therein on a church building and its contents, totally destroyed by a cyclone April 27, 1896.   The cause was submitted upon an agreed statement of facts, which was adopted as the findings of the court and judgment was rendered reforming the contract, and awarding the plaintiff the amount claimed, with costs and disbursements. Defendant appealed from the judgment alone.

The contention that plaintiff should not recover, because it failed to give immediate notice of loss, is untenable.   The policy, in form a standard fire policy, contains this clause: "If fire occur, the insured shall give immediate notice of loss." Attached to the face of the policy, in the form of a slip or rider,

and made a part thereof, is the following clause:. "This insurance also covers loss or damage by lightning, tornado, cyclones or windstorms.    In event of loss by tornado same must be in excess of ten dollars; otherwise this company will not recognize or adjust the same."    As stated in the agreed statement of facts, when this slip or rider was attached it became a part of the policy.    Therefore the written contract must be construed as one instrument, with the lightning, tornado, cyclone and windstorm clause included.    Thus considered, its terms, by specifying that immediate notice shall be given if fire occur, exclude the necessity of such notice where the loss results from any other cause covered by the policy.    If the insurer desired immediate notice of loss caused otherwise than by fire, it should have specified such other cause, or have provided that "if any loss occur under this policy, immediate notice thereof shall be given."    Though based upon another ground, the learned circuit court was clearly right in holding that plaintiff was not precluded from recovering in this action by reason of its failure to give immediate notice of the destruction of the insured property by a cyclone, as such notice was not required by the terms of the policy.

It is contended that "the policy was not in force at the time of the loss; the premium not having been paid when due, and the insured having consented to the cancellation of the policy."    The agreed premium was $99, for which a note was given, signed by the plaintiff's secretary and treasurer, payable January 2, 1896.    No part of this note had been paid when the loss occurred.    On May 1, 1896, plaintiff tendered to defendant the amount due thereon, including interest, which was refused, whereupon plaintiff deposited the full amount of such

note and interest in a responsible bank at Alexandria in this state, where it has since remained on deposit. On December 10, 1895, the plaintiff's secretary and treasurer were each sent the following notice by mail, signed by defendant's secretary: "Your note No. 340,705 given for insurance in the German Insurance Company, will become due on the 2nd day of January, 1896. You are hereby authorized to send by draft or postoffice money order. Always make payable to the order of German Insurance Co., Freeport, Ill. Amount of note $99; interest, $5.80; total, $104.80. If paid prior to maturity all interest shall be waived. You will please remit the same to us at or before maturity, in the inclosed envelope, as instructed herein; and on receipt of the same your note will be returned to you, duly receipted. Do not fail to be prompt in sending the amount when due, as you cannot recover in case of loss after the note becomes due until the same is paid." No other notice was given the plaintiff prior to the maturity of the note. Concerning the cancellation and forfeiture of policies of insurance against loss or damage to property by fire or other casualty, our statutes contain the following provisions as to notice: "No such policy of insurance shall, by virtue of any condition, or provision thereof, be forfeited, suspended or impaired for non-payment of any note or obligation taken for the premium, or any part thereof, unless the insurer shall, not less than thirty days prior to the maturity of such premium, note, or obligation, mail, postage prepaid to the assured at his usual postoffice, a notice stating: (1) The date when such note or obligation will become due. (2) The amount of principal and interest, that will then be due. (3) The effect upon the policy of non-payment. (4) Such notice shall further inform the

assured of his right, at his own election, either to pay in full, and keep the policy in full force, or to terminate the insurance by surrendering the policy, and paying such part of the whole premium as it shall have earned, and must further state the amount, which assured is lawfully required to pay, or which, on account of previous payment, may be due him, in case of his election to terminate the insurance on the day of the maturity of the premium note or obligation." Comp. Laws, § 3104. The contract of insurance under consideration is to be read as if the foregoing language of the statute had been literally incorporated into it. DeFrece v. Insurance Co., 136 N. Y. 144, 32 N. E. 556. Defendant failed to give notice within the time required, and the contents of its notice did not meet the requirements of the statute. There is nothing in the statement of facts from which it can be inferred that plaintiff consented to a cancellation. On the contrary, it appears from the correspondence of the parties that the plaintiff regarded the policy as in force, and desired to continue it in force, for one year, at least. The circuit court did not err in concluding that there was a valid, subsisting contract of insurance when the loss occurred.

Plaintiff was and is a corporation created by and existing under the laws of this state. The application for this insurance was signed by its secretary and treasurer, as such, and contains the following language: "Application of Epiphany Church of Epiphany, county of Hanson, State of South Dakota, for insurance against loss or damage by fire, lightning, tornado, cyclone or windstorm, by the German Insurance Company of Freeport, Ill., for the sum of $2,200, for the term of five years from the 9th day of April, 1895. * * * (1) On

one-story church building, frame, including foundation walls. * * * (2) On pews, altars, and statues. * * * (3) On vestments," etc. "* * * (12) Are you the sole and undisputed owner of the property to be insured? What kind of title? Explain fully. (12) Yes; according to church rules." The policy, which is based upon the application, and which expressly makes the application a part of itself, contains these words: "In consideration of the stipulation herein named, and of $99 premium, does insure the trustees .of the Epiphany Church for the term of five years from the 9th day of April, 1895, at noon, to the 9th day of April, 1900, at noon against all direct loss or damage by fire, except as hereinafter provided. * * * On frame, shingled roof church building, including foundation. * * * On pews, altars, and statues therein. * * * On vestments therein." It is agreed that in making the application the plaintiff's secretary and treasurer ·did in fact act on behalf of the plaintiff, as its trustees": that the "Epiphany Church," named at the head of the application, means the plaintiff herein; that whether there was or was not a mutual mistake in so issuing said policy, instead of to the plainiff corporation by name, is a question of inference from the facts contained in the agreed statement; and that, when the application was made, the plaintiff was the owner and in the possession of the insured property, the legal title to the real property upon which the church was situated being in the na_ne of the bishop of the diocese of South Dakota, under the rules and system of government of the Catholic church. The only reasonable inference to be drawn from all the facts disclosed by the record is that it was the intention to insure the plaintiff's property, and that there was a mutual mistake made

in writing the name of the iusured as it appears in the policy. This is too plain for argument. It was the duty of the court to so reform the policy as to truly express the real intention of the parties. As the application is expressly made a part of the policy, and as it accurately and truthfully discloses the ownership of the insured property, there is no ground whatever for the contention that the representations in this respect invalidated the contract.

The judgment of the circuit court is affirmed.