MAHONEY, Appellant, v. SMITH, Respondent.

(170 N. W. 140).

(File No. 4417.   Opinion filed December 31, 1918.   Rehearing denied March 12, 1919.)

1. **Trespass—Trifling Damage by Animals—De Minimus Non Curat Lex—Rule—Statute.**

In a suit to recover possession of hogs restrained damage feasant under the Trespass of Animals Act (Laws 1907, Ch. 244), involving three separate trespasses, and the further question whether any of the hogs so restrained could be held under a claim of lien thereon for trespass made prior to the one in question, the evidence tending to show that the controversy really involved only $2, **held**, that the rule de minimus non curat lex (Civ. Code, Sec. 2432) should apply; that time of Supreme Court sould not be wasted in considering such triuing matters; and judgment appealed from is affirmed.

2. **Appeals—Error—Assignments Merely Quoting Portions of Instructions, Futility of.**

Where assignments of error merely quote portions of instructions excepted to, without pointing out wherein they were erroneous, they merely assert, without pointing out, error.

Appeal from Circuit Court, Hanson County.   HON. FRANK B. SMITH, Judge.

Action by Robert A. Mahoney, against Edward Smith, to recover possession of animals taken damage feasant.   From a

judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

H. J. Mohr, for Appellant.

Lauritz Miller, for Respondent.

GATES, J. Action for the recovery of possession of 18 hogs restrained by defendant under the Trespass by Animals Act (chapter 244, Laws 1907). The evidence tended to show that these hogs damaged defendant's cornfield on the day they were taken up, and that they and others of plaintiff's hogs, or that they or others of plaintiff's hogs, did similar damage on two previous occasions. The trial court instructed the jury that the defendant was entitled to recover damages for, and to have a lien "upon the hogs which he took into his possession for, any damage which the plaintiff's hogs had done to his crops at that time, or within 60 days before the commencement of the action." From a judgment awarding defendant $8 damages, besides costs and expenses, plaintiff appeals, assigning error upon the instructions.

[1] There was evidence tending to show that the damage done upon the third occasion amounted to $6. The sole question argued by appellant is whether defendant's lien extends to and covers the damage done on the two previous occasions, thus presenting a controversy involving the sum of $2. "De minimis non curat lex." C. C. § 2432. The judgment appealed from is affirmed. The time of this court ought not to be wasted in considering such trifling matters. We decline to determine the question of law presented.

[2] Furthermore, the assignments of error merely quote the portions of the instructions excepted to, without pointing out wherein the instructions were erroneous. Such assignments merely assert error, but do not point out error. Hedlun v. Holy Terror Min. Co., 16 S. D. 261, 281, 92 N. W. 31, 36.