PRIVAT et al, Appellants v. GRAND BAY LAND COMPANY, Respondent.

## (171 N. W. 327).

(File No. 4380.    Opinion filed March 29, 1919.    Rehearing denied June 3, 1919.)

1. **Appeals—Error—Evidence Sufficient Under Proper Instructions— Wrong Instructions, Questions Involved Under.**

    Where appellants conceded the evidence was sufficient to support verdict under instructions given, but contended that such evidence under proper instructions would support verdict in their favor, the only questions on appeal are those concerning rulings on evidence and upon instructions.

2. **Appeals—Error—Unspecified Objections to Instructions, Insufficiency—Non-curative Specifications in Exceptions.**

    Where assignments, and specifications, of error contain no grounds of objection to instructions complained of, they are insufficient as basis of error in either trial or Supreme Court; nor is such defect cured by exceptions to instructions which fail to set forth grounds of exceptions.

3. **Same—Exceptions to Instructions as a Whole, Re Burden of Proof, Effect, Under Unavailing Exceptions.**

    Where an assignment of error questions instructions as a whole, and that thereby trial court wrongfully placed burden of proof upon appellants, and that court failed to give of its own motion an instruction placing burden of proof on respondent, the assignment is without merit, since no exception raised question now sought to be raised, and appellants requested no instructions.

4. **Trial—Suit for Declared Corporate Dividend—"Surplus Profit Arising From Business"—Statute—Declared Dividend, Insufficient Cash—Issue of Fact Involved.**

    In a suit to recover a corporate dividend which had been declared by defendant; it appearing that the corporate business scheme involved purchase and sale of unimproved land tracts, that soon after commencing business it declared the dividend sued on, but that cash on hand from land sale contracts, increased by funds derivable therefrom when collected in full was and would be insufficient as profits to pay the dividends, **held,** that the issue of fact to be determined was whether, on

date of declaration of dividend there was a "surplus profit arising from the business" (Civ. Code 1903) which would support a declaration of dividend.

5. **Evidence—Suit for Declared Corporate Dividend, From Land Sale Profits—Cost to Promoters, Consideration in Deeds, Oral Testimony Re Cost, Competency** ·

In a suit to recover a declared corporate dividend of a land agency concern, testimony of plaintiff, called as an adverse witness, as to how much the promoters paid for lands afterward sold by them to the company, and the consideration named in deeds of such lands to the promoters, were competent evidence, taken in connection with other evidence tending to prove little change in values between time of purchase of the lands by the company and date of declared dividend, and were properly received as evidence of value of the lands.

6. **Appeals—Evidence—Suit for Corporate Dividend Re Land Sale Profits—Deeds to and From Promoters, Considerations in—Offered to Show Transfer Dates, Used Re Land Prices—Unavailing Objections, Effect.**

In a suit to recover a dividend declared by defendant corporate land dealing concern, deeds of land tracts to a company promoter, and other deeds thereof by him to the company, were offered for the announced purpose of showing dates of transfers. Held, that plaintiffs-appellants cannot urge on appeal that the proving of dates was a mere subterfuge and that the dates were merely offered to show what the promoters paid for, and received for said lands; no such objections having been urged when deeds were offered in evidence.

7. **Appeals—Evidence—Suit for Corporate Dividend—Sufficiency of Assets Due on Defaulted Land Sale Contracts—Status of Land, Immateriality—Prejudice.**

Plaintiffs, in a suit to recover a declared corporate dividend, scheduled as assets amounts due on outstanding company land sale contracts, some of which were afterward cancelled for default. Held, that, ruling out such proofs as immaterial, was non-prejudicial error; it appearing from other testimony of witness that the land reverted to the company.

8. **Evidence—Suit for Corporate Dividend—Assets, Lands, Depreciated Value After Dividend Declared, Immateriality.**

In such suit plaintiffs offered, and trial court excluded proof as to prices at which lands so taken back were afterward sold, and as to whether they depreciated in value thereafter. Held, not error, for future value being immaterial.

9. **Trials—Evidence—Suit for Corporate Dividend—Revocation of Declaration of Dividend, Offered Proof Of—Case Submitted on Other Issues, Effect, Prejudice**

Where, in a suit to recover a declared corporate dividend,

evidence by plaintiffs was received of a record showing an attempted revocation of the declaration of dividend; a motion to strike it from record having been made and overruled, **held**, the case having gone to jury on issues not involving such revocation, and under instructions such that if issues were found for appellants jury was bound to return verdict for them, such ruling, if erroneous, was unprejudicial.

Appeal from Circuit Court, Codington County. Hon. JOSEPH H. BOTTUM, Judge.

Action by Abraham Privat and others, against the Grand Bay Land Company, a corporation, to recover a corporate dividend declared by defendant. From a judgment for defendant, and from an order denying a new trial, plaintiffs appealed. Affirmed.

*Irvin H. Myers,* for Appellant.

*McFarland & Johnson,* for Respondent.

(9) To point nine, Respondent cited:

Ford v. Easthampton Rubber Thread Co., (Mass.) 35 A. S. R. 462.

WHITING, J. Action to recover a dividend that had been declared by defendant. Verdict and judgment for defendant. Appeal from judgment and from order refusing a new trial.

Appellants assign as erroneous certain rulings admitting and rejecting evidence and certain instructions given; they also assign and specify insufficiency of evidence to support verdict.

[1] Appellants do not question but that the evidence was sufficient to support the verdict under the instructions given; they concede that the evidence received was sufficient to support a verdict under instructions such as they contend should have been given; but they contend that such evidence under proper instructions, would support a verdict in their favor. It follows therefore that the only questions before us for determination are those raised or attempted to be raised under the assignments based upon rulings on admission of evidence and upon the instructions.

[2] But two exceptions to instructions were taken. In the assignments of error in this court—and therefore we must presume in the specifications of error in the trial court—no grounds of objection to the instructions were set forth. Such assignments and specifications were insufficient upon which to predicate error in either court. Hedlun v. Holy Terror Mining Co., 16 S. D.

261, 281, 92 N. W. 31; Reeves v. Fire Ins. Co., 170 N. W. 575, decided at this term. Neither can appellants claim that this defect in assignments and specifications is cured by the exceptions taken to the instructions. Such exceptions are in the usual form, noting the instruction excepted to, but in no manner setting forth the grounds for such exceptions.

[3] By another assignment, appellants attempt to question the instructions as a whole, contending that by such instructions the trial court clearly and wrongfully placed a certain burden of proof upon them. In this assignment they further complain because such trial court failed to give, of its own motion, an instruction placing this burden of proof on respondent. There is no merit to this assignment; no exception to the instructions given raised the question now sought to be raised; and appellants made no request for the instruction which they now contend should have been given.

[4] Was there error in the rulings on evidence? Section 436, Civ. Code, Rev. Codes 1903, being section 8789, Rev. Code 1919, forbids a corporation from making a dividend "except from the surplus profit arising from the business thereof." Respondent corporation was organized under the laws of South Dakota for the purpose of buying and selling land in Alabama. The scheme was to purchase large tracts of unimproved cut-over pine lands near the Gulf; to divide the same into small tracts; and then to sell them out, at a decidedly advanced price, to people from the North. It appeared that two of the parties, who afterwards promoted this corporation, did, in the fall of 1909, procure options on two large tracts of land comprising over 4,000 acres, which tracts were afterwards purchased by the corporation. The exact date of the organization of the corporation does not appear, but apparently it first entered upon its business early in 1910. On May 28, 1910, it declared the dividend sued on. The issue of fact to be determined was whether, on May 28th, there was a "surplus profit arising from the business" which would support a declaration of dividend. On May 28th, there had been considerable land sold, but these sales were upon contracts upon which but small cash payments had been made; and there was no claim that

sufficient cash was on hand to pay the dividends, or that, in case the selling price of the lands sold should thereafter be collected in full, there would be sufficient profit from the sales then made to meet the dividend. Appellant's theory was that they had a right to declare a dividend whenever the assets exceeded the liabilities, and that, in estimating assets, they had a right to figure unsold lands at their real value on May 28th, regardless of their cost price. In considering the rulings on evidence we will assume, without wishing to be understood as in any wise intimating, that appellant's theory was correct.

[5, 6] One of the plaintiffs, called as an adverse witness, was asked how much these two promoters paid per acre for the lands they purchased and afterwards sold to the company. This was objected to as not a true measure of value, and because it would not show the value at the time the dividend was declared. Other evidence was received tending to prove little change in values between the time this land was purchased by these promoters and the date of declaration of dividend. The deeds by which these tracts of land were conveyed to one of these promoters and by him to defendants were offered in evidence for the announced purpose chiefly of showing dates of transfers. These deeds were objected to, and it is now urged that the plea of proving dates was a mere subterfuge, and that these deeds were offered to show what the promoters paid for the land and what they received therefor; that this was not a proper way to show what their value was on May 28th; and that it tended to prejudice appellants' rights. No such objections were urged when the deeds were offered in evidence. Moreover, without intimating any view as to the propriety of receiving in evidence the deeds to respondent, we hold that, taken in connection with other evidence received, the evidence of what these promoters paid for this land, both the testimony of the adverse witness and the consideration named in the deeds to the promoter, was properly received.

[7] Appellants in scheduling the claimed assets of respondent as of date May 28th, included the amounts due on outstanding contracts. Evidence was received showing that default was afterwards made in some of the contracts and that they were canceled. Appellants then asked a witness, "What became of the land?"

This was objected to as immaterial, and objection sustained. This ruling, if erroneous, was not prejudicial, as it clearly appeared, from other testimony of the same witness, that the land reverted to the company.

[8] Appellants also sought to prove at what price these lands, which had been taken back, were afterwards sold, and as to whether they depreciated in value after they were taken back. This evidence was excluded. This was clearly correct. The future value of these returned lands was wholly immaterial.

[9] Respondents offered, and there was received in evidence, a record of an attempted revocation, by the directors of the corporation, of the declaration of dividend. A motion was afterwards made to strike such record from the evidence. This motion was overruled. The receipt of this evidence and the refusal to strike same are assigned as error. In submitting this case to the jury, it was submitted to issues in no manner involving the question of revocation of the dividend; and, under the instructions, if the issues submitted were found for appellants, they were bound to return verdict for appellants. We are satisfied that, under the entire record, the receipt and retention of this evidence was, if erroneous, unprejudicial.

There are no other assignments presenting questions which we deem of sufficient importance to warrant special notice.

The judgment and order appealed from are affirmed.