BURD, Respondent, v. MEADER et al, Appellants.

(211 N. W. 604.)

(File No. 6353.   Opinion filed December 31, 1926.)

1. **Appeal and Error—Assignment that Claim Against Defunct Bank Was Not Presented to Superintendent of Banks Cannot Be Made First Time on Appeal (Rev. Code 1919, § 8933).**

   That findings did not support judgment because there was no finding to effect that claim against defunct bank was ever presented to superintendent of banks, as required by Rev. Code 1919, § 8933, held not properly raised for first time on appeal.

2. **Appeal and Error—Assignments Merely Asserting that Complaint and Findings Were Insufficient Presents Nothing for Review (Supreme Court Rule 4).**

   In view of Supreme Court rule 4, assignments of error that complaint was insufficient to support judgment and that findings of fact were insufficient to support conclusions of law and judgment, held to present nothing for review.

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 219(2), 3 C. J. Sec. 766; (2) Appeal and error, Key-Nos. 725(1), 731(2), 3 C. J. Secs. 1512, 1531.

Appeal from Circuit Court, Lake County; Hon. L. L. FLEEGER, Judge.

Action by Arthur Burd, administrator of the estate of Vida Meader, deceased, against Valentine Meader and others. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

*Baldwin & Lyons,* of Howard, for Appellants.

*Bangs & Rudesill,* of Rapid City, for Respondent.

GATES, P. J. [1] While this appeal was taken from the judgment and from the order denying new trial, appellants have waived their appeal from the order so that the matters now before us relate merely to the appeal from the judgment. Respondent has made the unusual motion, for which we can find no precedent, for the striking out of the essential portion of appellants' brief. The reason therefor is is that appellants' claimed ground of relief is not within the issues raised by the pleadings and that there is nothing in the record upon which to base it. The point sought to be made by appellants in the argument is that the findings do not support the judgment because there is no finding to the effect that the claim against the defunct bank was ever presented to the superintendent of banks. Rev. Code 1919, § 8933.

[2] Inasmuch as the record before us does not disclose that such point was raised in the court below, it is not proper to raise it for the first time on appeal. Appellants have not asked for oral argument, and there is no good reason why respondent should be put to the trouble, expense, and delay of presenting a brief. We will treat respondent's motion to strike as a waiver on his part of the right to file brief and will affirm the judgment upon the ground above stated. We might also base affirmance upon the ground that appellants' so-called assignments of error present nothing for review. They are as follows: (1) "That the complaint is insufficient to support the judgment"; (2) "that the findings of fact are insufficient to support the conclusions of law and judgment." These assignments merely assert error, but do not point out error. Supreme Court Rule 4; Hedlun v. Holy Terror Mining Co., 16 S. D. 261, 281, 92 N. W. 31, 36; Mahoney v. Smith, 41 S. D. 278, 170 N. W. 140; State ex rel. McCoy v. Farmers' Co-op. Packing Co., 50 S. D. 627, 211 N. W. 602.

The judgment and order appealed from are affirmed.

SHERWOOD and CAMPBELL, JJ., absent and not sitting.