STOECKER, Respondent, v. STOECKER, Appellant

(54 N. W.2d 171)

(File No. 9290. Opinion filed June 12, 1952)
Rehearing denied September 19, 1952

**W. M. Potts,** Mobridge, for Appellant.
**Arend E. Lakeman,** Mobridge, for Respondent.

PER CURIAM. A decree of divorce was entered in favor of the wife, and the husband appealed. The wife made

application to the trial court for an order requiring the husband to pay her alimony for the support of herself and their children pending the appeal, and for suit money and counsel fees on appeal. After hearing the court entered findings, conclusions, and an order directing the husband to pay $35 per month alimony, $50 suit money and $250 counsel fees. This appeal is by the husband from that order.

 The assignments of error contained in the record read as follows: "Appellant designates the following Assignments of Error claiming that the Trial Court erred in the following particulars: 1. In issuing its order to show cause herein dated July 2, 1951. (SR 7 & 8) 2. In entering its Findings and Conclusions herein under date of September 15, 1951. (SR 22 & 25) 3. The Court erred in entering its Order and Judgment herein dated September 15, 1951. (SR 26)"

An assignment of error need follow no stated form but must briefly and plainly point out the error alleged to exist. If insufficiency of the evidence to justify the decision is assigned, the assignment must state the particulars in which the evidence is claimed to be insufficient. SDC 33.0735. The quoted assignments but assert error; they do not point out the error. Therefore, they do not comply with the rule. Hirning v. Dunlap, 64 S. D. 414, 266 N.W. 882. In the absence of an assignment of error there is nothing before this court. In re Congdon's Estate, 74 S.D. 306, 51 N.W.2d 877.

The order of the trial court is affirmed.