J. R. WATKINS COMPANY, Appellant v. BEISEL et al., Respondents

(103 N.W.2d 333)

(File No. 9827. Opinion filed May 31, 1960)

Rehearing denied Sept. 27, 1960.

**George W. Kunkle,** Yankton, for Plaintiff and Appellant.

**Louis H. Smith,** Sioux Falls, for Defendants and Respondents.

SEACAT, Circuit Judge.   The plaintiff, The J. R. Watkins Company, commenced this action against the defendants, Maynard C. Beisel and Roland and Alma Klueber, to recover

the sum of $1,364.80 for certain Watkins products sold and delivered to the defendant Beisel, the payment of which plaintiff claims was guaranteed in writing by the defendants, Roland and Alma Klueber.

The defendant Beisel answered and denied liability, and counterclaimed for damages in the sum of $6,000.

The defendants, Roland and Alma Klueber, filed a separate answer also denying liability on the grounds that the contract signed by them guaranteeing payment to the plaintiff by the defendant Beisel for all products sold and delivered by the plaintiff to Beisel was obtained by fraud of the plaintiff, and also that the plaintiff granted extensions of time to Beisel for payment of the goods contrary to the written guaranty.

The action was tried to the court without a jury, which resulted in findings of fact and conclusions of law and judgment releasing the defendants, Roland and Alma Klueber, from any and all liability to the plaintiff, allowing the defendant Beisel credit for products to be returned to the plaintiff company of the value of $600, dismissing the defendant Beisel's counterclaim, and rendering judgment in favor of the plaintiff and against the defendant Beisel in the sum of $764.80, besides the costs.

The plaintiff, feeling aggrieved, has appealed from the judgment without making an application for a new trial. The appellant has presented to this court six assignments of error which the respondents maintain are mere assertions of error, in violation of SDC 33.0735, and present no questions for review.

SDC 33.0710 provides:

"Scope of review. On appeal from a judgment the Supreme Court may review any order, ruling, or determination of the trial court, including an order denying a new trial, and whether any such order, ruling, or determination is made before or after judgment involving the merits and necessarily

affecting the judgment and appearing upon the record. When an order denying a new trial is assigned as error, the Court may on such assignment review all matters properly and timely presented to the Court by the application for new trial.

"Such of the matters specified in subdivisions (6) and (7) of section 33.1605 as may have been timely presented to the trial court by motion for directed verdict, request for findings, or other apt motion, offer, objection, or exception may be reviewed on appeal from the judgment without necessity for an application for new trial."

■ However, in order for an appellant, who is appealing from a judgment without a motion for a new trial, to raise the insufficiency of the evidence to support the findings, conclusions and judgment, he must comply with SDC 33.0735 which provides:

"Assignments of error: requirement; form. There shall be attached to the transcript, or served separately within ten days after the appeal is taken if no transcript is used, assignments of the error claimed to exist and on which the appellant relies.

"Each assignment shall state only one claim of error. They shall be separately stated and numbered and shall refer to the page of the transcript or portion of record where the alleged error appears.

"An assignment of error need follow no stated form but must briefly and plainly point out the error alleged to exist. If insufficiency of the evidence to justify the verdict, finding, or other decision is assigned, the assignment must state the particulars in which the evidence is claimed to be insufficient."

■ This court has held under this statute that an assignment of error need follow no stated form, but must fully and plainly point out the error alleged to exist, and if the insufficiency of the evidence to justify the decision is as-

signed, the assignment must state the particulars in which the evidence is claimed to be insufficient. SDC 33.0735; Stoecker v. Stoecker, 74 S.D. 415, 54 N.W.2d 171; Loffer v. Witte, 71 S.D. 626, 28 N.W.2d 698.

Assignments that merely assert error without stating the particulars in which the evidence is claimed to be insufficient and which fail to refer to the page of the transcript or portion of the record where the alleged error appears are wholly insufficient. Stoecker v. Stoecker, supra; Hirning v. Dunlap, 64 S.D. 414, 266 N.W. 882; Mahoney v. Smith, 41 S.D. 278, 170 N.W. 140; Reeves v. National Fire Ins. Co., 41 S.D. 341, 170 N.W. 575, 4 A.L.R. 1293; Privat v. Grand Bay Land Co., 41 S.D. 494, 171 N.W. 327; Brown v. Brown, 46 S.D. 469, 193 N.W. 596; Burd v. Meader, 50 S.D. 641, 211 N.W. 604; Sully v. Egan, 51 S.D. 46, 211 N.W. 803.

Turning to the appellant's assignments of error, we find that assignments 1, 2, 3, 5 and 6 are as follows:

"First. The learned trial court erred in finding (#1) that plaintiff corporation was Doing Business in South Dakota.

"Second. Trial court erred further in finding (#12) that from 10 Sep 1954 and to 13 Sep 1955 plaintiff company accepted benefits from its dealings with defendant Beisel.

"Third. It was likewise error to hold plaintiff company either participated in or had knowledge of any false or fraudulent representations to Anyone. (Findings 2, 3, 4, 5, 6, 9 and 10.)

"Fifth. Trial court committed error in holding there was sufficient evidence to sustain the alleged affirmative defenses (Decision).

"Sixth. Error occurred when the trial court held (Decision) sureties (defendants Kluebers) were released (1) by fraud practiced on defendant Beisel, (2) by extensions of time in which to pay and (3)

plaintiff's failure to come and take back merchandise —goods of $600 value."

These assignments merely assert error and do not conform to section 33.0735 in that they do not either refer to the page of the transcript or portion of the record where the alleged error appears or state the particulars in which the evidence is claimed to be insufficient, and therefore present nothing for review.

Appellant's fourth assignment of error reads as follows:

"Fourth. It was reversible error for the trial court to deny the motion of plaintiff company at end of trial for (1) judgment as demanded in the complaint (2) exclusion of incompetent evidence seasonably objected to and (3) dismissal of pretended affirmative defenses and counterclaim of defendants."

In the trial of a case to the court without the intervention of a jury, it is not error for the court to deny a motion for judgment at the end of the trial, as SDC 33.1403 provides that upon the trial of a question of fact by the court, its decision consisting of findings of fact and conclusions of law separately stated must be given in writing and filed with the clerk, and no judgment shall be rendered or entered until after such filing of such decision. Furthermore, this assignment also does not refer to the transcript or record where the alleged error appears, and merely asserts error, and presents nothing for review.

As the plaintiff has wholly failed to comply with the provisions of SDC 33.0735, the judgment of the trial court is affirmed .

All the Judges concur.

SEACAT, Circuit Judge, sitting for SMITH, J. disqualified.