JOHNSON, Respondent, v. MOUND CITY STATE BANK, et al, Appellants.

(237 N. W. 891.)

(File No. 6888. Opinion filed September 21, 1931.)

 

*Williamson, Williamson & Smith,* of Aberdeen, for Appellant.
*Morrison & Skaug,* of Mobridge, for Respondent.

POLLEY, P. J. In this action plaintiff seeks judgment against defendant in the sum of $400 and bases his right to such recovery on the following facts and circumstances:

In the month of November, 1921, plaintiff was a road contractor and had been doing road work in Campbell county as a subcontractor under Stevens Bros., a firm of road contractors in St. Paul, Minn. The National Surety Company was surety on the Stevens Bros. contract. At the time above mentioned plaintiff had a claim against Stevens Bros. of $3,162.86 which he claimed that firm owed him for road construction work performed by him under a contract with the highway commission. Stevens Bros. refused to pay the claim, and plaintiff employed W. M. Potts, one of the defendants in this action, who is a regularly licensed and practicing attorney at law at Mobridge, S. D. The contract between plaintiff and defendant Potts was in writing. The employment of the said defendant was on a commission basis and provided that in case he succeeded in making the collections without bringing suit, he was to receive an amount equal to ten per cent of the amount collected, and in the event that suit was commenced he was to have an amount equal to 15 per cent of the total amount collected. Defendant endeavored to effect a settlement with Stevens Bros., making a trip to St. Paul for that purpose. Being unable to effect such settlement, in January, 1922, he commenced an action in the circuit court of Campbell county against Stevens Bros. and their surety, the said National Surety Company, for the amount claimed by plaintiff. The case was not noticed for trial at the June, 1922, term of the circuit court in Campbell county, but was noticed for trial, and was ready for trial, at the following October term. But in order to save the county the expense of holding said term of court, and without the

knowledge or consent of defendant in this action, the judge of the circuit court postponed said term of court. Some time between June and October, the plaintiff had some correspondence directly with Stevens Bros., touching a settlement of plaintiff's claim, and during the following month of December plaintiff decided to look after the matter himself without the further aid of the defendant, but said nothing about settling with defendant or paying him for the services that had been rendered and the money defendant had spent in connection with the case. Plaintiff then went to St. Paul and effected a settlement with Stevens Bros. for the sum of $2,600. On the 8th day of September, 1922, the defendant filed an attorney's lien upon the amount due plaintiff from Stevens Bros., claiming that $555.78 was due him for services rendered and to be rendered in the case and notified Stevens Bros. and the National Surety Company of the filing of such lien. In the settlement with the Stevens Bros. no money was paid directly to the plaintiff, but two checks were made out payable to plaintiff, one for $2,200 and one for $400, both of which checks were indorsed by plaintiff, and both checks were then sent to the Mound City State Bank. With these checks there was inclosed the following so-called escrow agreement:

"Escrow Agreement made this 14th day of December, 1922, between Peter Johnson, Stevens Brothers and Mound City State Bank of Mound City, South Dakota.

"It is agreed:

"I. That Stevens Brothers pay over herewith out of moneys in their hands due to Peter Johnson to said Mound City State Bank of Mound City, South Dakota, as escrow holder the sum of Four Hundred Dollars ($400.00).

"II. If at any time within two years from date hereof the said Peter Johnson shall produce to said Mound City State Bank a release and discharge of any claim of W. M. Potts, an attorney of Mobridge, South Dakota, against Stevens Brothers or the National Surety Company, their surety, by reason of an alleged attorney's lien of said Potts upon a certain cause of action of Peter Johnson against said Stevens Brothers and National Surety Company, suit whereon is now pending in the Circuit Court of Campbell County, South Dakota, the said Mound City State Bank shall pay over the said escrow money (with all interest) accumulated

thereon, if any, to said Peter Johnson or if at any time in said period the said Peter Johnson shall give an order on said escrow holder to pay the said sum or any part thereof to said W. M. Potts and the said Potts shall render to said Bank a receipt and release in consideration of the payment of said order, the said bank shall accept the same and be authorized to pay the amount of said order to said Potts upon said full release of Stevens Brothers and said National Surety Company and the remainder, if any, of said sum of Four Hundred Dollars ($400.00) shall be paid by said escrow holder to said Peter Johnson and the said release shall be delivered by said bank to said Stevens Brothers.

"III. If during said period of two years the said Potts shall obtain a judgment against said Peter Johnson for his attorney's fees in said action of Johnson v. Stevens Brothers and National Surety Company mentioned above, the said judgment may be satisfied out of said escrow moneys and upon the full satisfaction of said judgment the said bank is authorized to pay the remainder, if any, of said sum over to said Peter Johnson delivering a certified copy of the satisfaction of said judgment to said Stevens Brothers.

"IV. If said two year period shall expire and no release, discharge or satisfaction of the said claim for attorney's fees shall be delivered to said bank and no judgment for the same shall have been satisfied then and in that event the said Mound City State Bank shall return the said Four Hundred Dollars ($400.00) with interest, if any, which shall have accumulated thereon to the said Stevens Brothers and said Stevens Brothers shall have the right to make settlement with said Potts upon such terms as they are able to do and get a release and discharge of his said attorney's lien or claim from said Potts and said Stevens Brothers agree with said Peter Johnson that any balance of said ($400.00) and interest, if any accumulate thereon, in the hands of said bank, not necessary to satisfaction and discharge, the said claim of said Potts shall be paid over forthwith to said Peter Johnson.

"In Witness Whereof the parties have signed this agreement in triplicate.

"Stevens Brothers,
"By E. F. Stevens
& Peter Johnson
"Mound City State Bank
"By M. S. Larsen."

There was also sent with these checks and contract the following letter signed by plaintiff:

Exhibit 10.

"I enclose you herewith two checks made to my order by Stevens Brothers and endorsed by me to your order, one for $2200.00, which I desire you to deposit to my checking account; the other check for $400.00 is sent you under an escrow agreement which I have executed with Stevens Brothers, three copies of which I enclose you herewith. If you accept this escrow, which I hope you will do, kindly sign two of the copies mailing the one copy of the agreement to me at Glenham, S. D., and the other copy to Orr, Stark & Kidder, St. Paul, Minnesota, attorneys for Stevens Brothers, then cash the check and hold the $400 pursuant to the agreement, allowing the interest on the $400.00 to accumulate as it may be some time before the escrow is closed up.

"Yours very truly,

Peter Johnson."

Defendant took no part in this transaction and had no knowledge of the making of or the existence of the said escrow contract or the terms thereof until some time during or after the following month of August. On the 4th day of January, 1923, defendant, having learned that a settlement had been made by plaintiff, wrote to plaintiff as follows:

Exhibit 1.

"Dear Sir:

"I am advised by the attorney for Mr. Stevens and the Surety Company that you have made a settlement of your case against Mr. Stevens which was to have been tried just after Christmas. This is alright, of course, and I hope you made a good settlement, but kindly call at my office and arrange to take care of my fees in this matter."

On the following day plaintiff wrote the defendant as follows:

Exhibit II.

"Dear Sir:

"Your letter received regarding the Stevens case, That a matter that I have considered settled, I inform you in person also had an Attorney write you that your services was no longer wanted, and after your careless manner in handling the case and not being

able to go to trial and causing me untold and unnecessary expense and interest. When my money should of been had over a year ago, I really consider that you have damaged me very much, You know full well that I told you that you were dismissed and that I intended to settle the case myself, and in order to get what was justly coming to me had to compromise at great sacrifice in order to meet my obligation In fact I consider that you are indebted to me, which I think I will be able to show, However as I wish to be fair in the matter if you wish to release me from any further obligation, I will pay you $25.00 which I consider a big fee for just drawing a complaint, and going no further. If this is satisfactory let me know, Its absolutely the best you can get.

"Respectfully, Peter Johnson."

On January 8, 1923, defendant wrote plaintiff as follows:
Exhibit V.
"Dear Sir: Re: Your case vs. Stevens et al.

"I have yours of January 5th. I have of course protected myself for my fees and I wish you would kindly advise me what settlement you made with Stevens Brothers so that I may be advised as to whether I should collect from them or from you.
"Very truly yours,"
"P:H

And on January 22, 1923, defendant wrote plaintiff as follows:
Exhibit IV.
"Dear Sir:

"I have your letter of January 5th referring to the case of yourself vs. Stevens Brothers. I notice that you are willing to pay $25.00. You understand, of course, that I filed an attorney's lien to protect myself in this case and I expect to collect the full amount of my fee from Stevens Brothers and I probably will be willing to accept the $25.00 and release you in full with the understanding that this does not release my claim against them so with that understanding you may send me your check for $25.00.
"Very truly yours,
"P:H W. M. Potts."

On February 3, 1923, and after defendant had received the $400 from the Mound City State Bank that had been sent there to take care of defendant's fees, defendant wrote plaintiff as follows:

Exhibit VI.

"Dear Sir:

"In reply to your recent letter will state that I am willing to accept your check for $25.00 and will accept this in full settlement of all remaining claims that I have against you for my fees and expenses in connection with the case against Stevens Brothers and the Surety Company. I do not want to accept this, however, unless the check is paid to me at once, say not later than February 7th. Very truly yours,

W. M. Potts."

In response to this letter plaintiff forwarded to defendant his check for $25. On the face of this check were the words: "For payment in full to date."

On the 20th day of January, 1923, Williamson, Williamson & Smith of Aberdeen, who were attorneys for the defendant National Surety Company, wrote to defendant as follows:

Exhibit XXV.

"I have today received from correspondents in St. Paul the stipulation and release signed by Peter Johnson and also agreement that $400.00 has been placed in the Mound City Bank to satisfy your claim.

"If this is satisfactory, I wish that you would so indicate and I will prepare a stipulation settling the case and send it to you for signature. Yours truly,

Williamson, Williamson & Smith,

"By G. N. Williamson."

On the 22d day of January, 1923, defendant wrote Williamson, Williamson & Smith as follows:

Exhibit XXXV.

"Dear Sirs: Re: Peter Johnson v. Stevens Bros. et al.

"I have yours of January 20th and in view of the fact that the action was not tried, I will accept the sum of $400.00 which you state has been deposited in the Mound City Bank to satisfy my claim. Will you kindly prepare such a stipulation as you desire dismissing the action and at the same time authorize the bank there to forward this money to me here. The difference between the $400.00 and the amount claimed I can possibly collect from my own client. Very truly yours,

W. M. Potts."

And on January 25, 1923, that firm wrote the following letter to the Mound City State Bank:

### Exhibit XII.

"Under date of December 14th, 1922, a certain agreement was entered into between Peter Johnson, Stevens Bros. of St. Paul, Minn. and Mound City State Bank under which a sum of $400.00 was deposited in your bank to satisfy and discharge any claim of W. M. Potts, attorney of Mobridge, South Dakota, against Stevens Bros. or the National Surety Company by reason of an alleged attorney's lien upon a certain cause of action of Peter Johnson against said Stevens Bros. and the National Surety Company pending in the Circuit Court of Campbell County, South Dakota, and you are hereby notified that said W. M. Potts, attorney at law and attorney for plaintiff, Peter Johnson, in said action, has signed a satisfaction and dismissal of the action and the said action has been fully settled and dismissed, and you are authorized and directed, on behalf of Stevens Bros. aforesaid, to pay said sum of $400.00 to the said W. M. Potts upon his giving you a receipt therefor releasing you and any claim against Stevens Bros. or the National Surety Company on account of said lien.

"Yours truly,
"Williamson, Williamson & Smith,
Attorneys for Stevens Bros, and
National Surety Company."

This letter was not sent directly to the Mound City State Bank, but was sent to the defendant and by him forwarded to the bank. Acting on the information contained in this letter, defendant had a telephone communication with said bank, and on the 26th day of January, 1923, wrote to the bank as follows:

### Exhibit XI.

"Dear Sirs: Re: Peter Johnson vs. Stevens Bros.

"Pursuant to our telephone conversation this morning, I am acknowledging herewith receipt of draft for $400.00 and you are to consider this letter receipt for same, immediately after depositing in the mail, payable to my order. The payment of this releases you as well as Stevens Brothers and the Surety Company from all further liability in connection with the claim of Peter Johnson vs. Stevens Brothers and also in connection with attorney's lien filed

against the proceeds of said suit. Kindly forward draft by U. S. mail to me here at Mobridge at once and greatly oblige,

"Yours very truly,

W. M. Potts."

"P. S. I am enclosing also Formal Order on you, executed by Attorneys Williamson, Williamson and Smith of Aberdeen, for the Surety Company, which you should keep for your files.
"encls. W. M. P."

Pursuant to this correspondence, the bank forwarded to the defendant a cashier's check for the said $400. This sum of money was sent to defendant on the 29th day of January, 1923. Plaintiff learned on the 20th day of February, 1923, that this money had been paid to the defendant. He made demand on defendant to pay the same to him, and on refusal thereof he commenced this action against defendant for the said sum of money.

It is the contention of the plaintiff that the money that was placed in the Mound City State Bank to abide the settlement of defendant's claim for attorney's fees was the absolute property of plaintiff, and that in acquiring possession thereof in the manner he acquired it, defendant was guilty of a wrongful conversion of the same. It is the theory of the plaintiff that by such wrongful conversion the defendant waived his attorney's lien and forfeited his right to recover for his services from the defendant. This theory is based upon an allegation in the complaint that the defendant had knowledge of the so-called escrow contract, and the terms thereof, that was filed in the Mound City State Bank with the check, and that he took the said money wrongfully and with the intent to cheat and defraud the plaintiff out of said sum of money. These allegations are wholly unsupported by the evidence. There is no evidence whatever that the defendant had any knowledge of the said escrow agreement for nearly a year thereafter. There is no evidence to show that he had any information relative to the said deposit other than that contained in the letter written to defendant by the firm of Williamson, Williamson & Smith on the 25th day of January, 1923. From this information defendant was fully warranted in assuming the said money had been deposited in the bank for him, subject to no other condition than a release of his attorney's lien against Stevens Bros. and the National Surety Company.

So far as plaintiff and defendant are concerned, this money was a deposit placed in the Mound City State Bank for the special purpose of securing a release of Stevens Bros. and the National Surety Co. from the attorney's lien filed by the defendant. It was not the property of the plaintiff and he had no right to any of it until after the lien was satisfied, and then only so much thereof as might be left after paying off said lien. Defendant received the money, apparently in the utmost good faith, believing that upon the satisfaction of his attorney's lien he had a right to it all. He certainly was entitled to some pay for the services he had rendered for plaintiff. Four hundred dollars may or may not have been more than he was entitled to, but he was not guilty of a wrongful conversion; indeed, the facts constitute no element of conversion.

■ If plaintiff was not satisfied with the amount paid to defendant, the matter should have been submitted to the court and let the court determine the value of defendant's services. The action is clearly one for money had and received, and the issue that should have been tried, was whether plaintiff or defendant had the better right to the fund in dispute. In his answer defendant pleaded a counterclaim for the value of his services. He offered to deposit the $400 he received from the Mound City State Bank with the court to abide the result of the action. He offered to return to plaintiff the $25 he had received and let that also abide the decision of the courts. Plaintiff refused to meet this issue or to offer any evidence pertaining thereto.

■ ■ Plaintiff greatly stresses the fact that the $25 check he sent to defendant contained the words "for payment in full to date." And also the further fact that in his letter to defendant dated January 25, 1923, he offered to pay defendant $25 to be released from further obligation, and in his letter to defendant dated February 7, 1923, in which he said, "Inclosed find my check for $25.00 in payment in full for attorneys fees and expenses." Plaintiff contends that accepting this check under these conditions amounted to an agreement to accept this sum in full payment for all services rendered and expense advanced exclusive of any amounts that may have been paid prior thereto. With this contention we do not agree. Defendant never indicated any such intention. That he had no such intention is conclusively shown by his letters, "Exhibit I," "Exhibit V," and in "Exhibit IV," in which

defendant said: "I probably will be willing to accept the $25 and release you in full with the understanding that this does not release my claim against them [Stevens Bros. and the National Surety Co.] so with that understanding you may send me your check for $25." And in defendant's letter, "Exhibit VI," in which defendant said, "I am willing to accept your check for $25 and will accept this in full settlement of all *remaining* claims I have against you." This was sufficient notice to plaintiff that defendant did not intend to accept $25 for the services rendered and in lieu of any previous payments that may have been made. A receipt in full is merely an acknowledgment of final payment of the account, and is always subject to explanation.

Much complaint is made in plaintiff's brief because defendant did not consult plaintiff before accepting the $400 from the Mound City State Bank. Defendant was under no obligation to consult plaintiff. It appears from plaintiff's letter (Exhibit 2) from plaintiff to defendant written on the 5th day of January, 1923, that defendant had been discharged from the case. Defendant was under no further obligations to plaintiff and had a right to deal with him at arm's length.

When plaintiff made his settlement with Stevens Bros., it was his duty to inform defendant of such fact and of the terms of the escrow agreement. Defendant could then have foreclosed his attorney's lien and let the court determine the amount he was entitled to receive for his services. In two letters, Exhibits I and V, defendant asked plaintiff for particulars regarding his settlement with Stevens Bros. and what arrangements had been made to take care of defendant's fee. To these letters plaintiff made no reply other than that contained in Exhibit II. From the contents of this letter it is plain that plaintiff assumed that he was in position to beat defendant out of his attorney's fee and that he intended to bring about that result. In the leter, Exhibit II, plaintiff offered defendant $25 for a receipt in full and in effect told defendant to take that or nothing for "its absolutely the best you can get." Plaintiff was proceeding upon the theory that if he could get a receipt in full from defendant he could present such receipt to the Mound City State Bank and get possession of the $400 that had been deposited there, before defendant learned that such deposit had ever been made.

Plaintiff, having failed to present to the Mound City State Bank "a release and discharge of any claim of W. M. Potts * * * against Stevens Bros. or the National Surety Company," failed to establish his right to the said $400, and the court erred in denying defendant's motion for a directed verdict.

In this case the equities are all with the defendant. The evidence shows beyond all question that defendant did a large amount of work and expended a considerable sum of money in looking after plaintiff's interests. There is no evidence of any lack of attention, negligence, or inability to properly attend to plaintiff's business, and had plaintiff not interfered, there is no doubt the case would have been tried at the first opportunity, and no reason appears why the full amount sued for would not have been recovered. It is very plain that plaintiff considered himself under no obligation to pay defendant for his services, and in order to secure an early settlement with Stevens Bros. he deducted the amount claimed by defendant in his lien, the amount claimed in the lien being $555.78 and the amount deducted from what he had coming from Stevens Bros. being $562. Defendant had his fees secured by his attorney's lien, and Stevens Bros. knowing the possible effects of said lien refused to pay the full amount agreed upon. Acting on the belief that $400 was to be turned over to him subject only to the satisfaction of his lien, defendant satisfied his lien and received the money. In satisfying this lien, defendant surrendered a valuable right and plaintiff has no standing in court —certainly not in this court—until he restored defendant's lien or in some manner put defendant back into the same or as good a position as he was before he satisfied his lien.

The judgment appealed from is reversed, and the cause is remanded to the circuit court with directions to dismiss the action at plaintiff's cost.

ROBERTS, WARREN, and RUDOLPH, JJ., concurring.
CAMPBELL, J., disqualified and not sitting.